UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AARON CANTLEY,

        Plaintiff,

v.                                    CASE NO. 2:08-CV-14653
                                    HONORABLE ARTHUR J. TARNOW

JAMES ARMSTRONG, et al.

        Defendants.
_____/

**OPINION AND ORDER OF PARTIAL SUMMARY DISMISSAL
AND TRANSFER TO THE WESTERN DISTRICT OF MICHIGAN**

**I.    Introduction**

      Aaron Cantley ("Plaintiff"), a state prisoner presently confined at the Chippewa Correctional Facility ("MCF") in Kincheloe, Michigan, has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights while confined at several state prisons. He has been granted permission to proceed without prepayment of the filing fee for this action. *See* 28 U.S.C. § 1915(a)(1).

      In his complaint, Plaintiff names 22 individuals who are Michigan Department of Corrections officials or employees as defendants in this civil rights action. Eighteen of the defendants are based in the Western District of Michigan and four are based in the Eastern District of Michigan. Plaintiff's claims against the defendants who reside in the Eastern District of Michigan concern the confiscation/destruction of his personal properly and related grievances. Plaintiff seeks monetary damages, injunctive relief, and other appropriate remedies.

1

Having reviewed Plaintiff's complaint, the Court now dismisses it, in part, for failure to state a claim against the defendants based in the Eastern District of Michigan, St. Louis Correctional Facility Warden Blaine Lafler, Assistant Deputy Warden Kelly Washington, Corrections Officer Robbennolt, and Grievance Coordinator K. Sheets, and transfers the case to the United States District Court for the Western District of Michigan for further proceedings.

**II.**     **Discussion**

Plaintiff has been granted *in forma pauperis* status. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997(e)(c); 28 U.S.C. §§ 1915(e)(2)(B). The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

The Court recognizes that a *pro se* complaint should be held to a "less stringent standard" than one drafted by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Even a *pro se* complaint, however, must plead facts sufficient to show a legal wrong has been committed for

2

which the plaintiff may be granted relief. To state a federal civil rights claim, a plaintiff must show that: (1) the defendant is a person who acted under color of state or federal law, and (2) the defendant's conduct deprived the plaintiff of a federal right, privilege, or immunity. *See Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Mueller v. Gallina*, 137 Fed. Appx. 847, 850 (6th Cir. 2005); *Brock v. McWherter*, 94 F.3d 242, 244 (6th Cir. 1996).

Plaintiff alleges that defendant Robbennolt confiscated and destroyed his personal property, namely 50 photographs of family and friends, while Plaintiff was confined at the St. Louis Correctional Facility in St. Louis, Michigan. Plaintiff relatedly asserts that defendant Sheets failed to properly process his grievances and that defendants Lafler and Washington failed to take appropriate corrective action.

To the extent that Plaintiff asserts an intentional deprivation of property without due process, he fails to state a claim upon which relief may be granted. In a civil rights action alleging the deprivation of property without procedural due process, "the plaintiff must plead and prove that state remedies for redressing the wrong are inadequate . . . the plaintiff must attack the state's corrective procedure as well as the substantive wrong." *Vicory v. Walton*, 721 F.2d 1062, 1066 (6th Cir. 1983); *see also Copeland v. Machulis*, 57 F.3d 476, 479 (6th Cir. 1995). The plaintiff must prove the due process element, the inadequacy of state processes, even if the property deprivation was intentional. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Vicory*, 721 F.2d at 1065. Plaintiff has not done so in this case. Consequently, his claim against

defendant Robbennolt (and defendants Lafler, Washington, and Sheets) regarding the loss of his personal property must be dismissed.

Plaintiff also alleges that defendants Lafler, Washington, and Sheets violated his constitutional rights by failing to properly respond to his complaints and grievances. Such claims are also subject to dismissal. It is well-established that a plaintiff must allege facts showing the personal involvement of a defendant to state a civil rights claim under 42 U.S.C. § 1983. *See, e.g., Monell v. Department of Social Svs.*, 436 U.S. 658, 691-92 (1978) (Section 1983 liability cannot be based upon a theory of *respondeat superior*); *Leary v. Daeschner*, 349 F.3d 888, 903 (6th Cir. 2003); *Taylor v. Michigan Dep't. of Corrections*, 69 F.3d 716, 727-28 (6th Cir. 1995) (plaintiff must allege facts which indicate that defendant participated, condoned, encouraged, or knowingly acquiesced in alleged misconduct to establish liability). Plaintiff has not done so. The fact that defendants Lafler, Washington, and Sheets denied his grievances or failed to properly respond to his complaints is insufficient to state a claim upon which relief may be granted under § 1983. Moreover, to the extent that Plaintiff alleges that defendant Sheets denied him access to the courts, his complaint also fails. Prisoners have a constitutional right of access to the courts. *See Lewis v. Casey*, 518 U.S. 343 (1996). However, that right of access is not unlimited. It encompasses only "a reasonably adequate opportunity to file nonfrivolous legal claims challenging their convictions or conditions of confinement." *Id.* at 356; *see also Thaddeus-X v. Blatter*, 175 F.3d 378, 391 (6th Cir. 1999). Plaintiff has not been denied such an opportunity. The record reveals that he was able to proceed with a grievance and file the present

lawsuit. Plaintiff has thus failed to state a claim upon which relief may be granted as to this issue.

### III.    Conclusion

Based upon the foregoing analysis, the Court concludes that Plaintiff has failed to state a claim upon which relief may be granted under 42 U.S.C. § 1983 as to defendants Lafler, Washington, Robbennolt, and Sheets. Accordingly, the Court **ORDERS** that Plaintiff's complaint against those defendants is **DISMISSED WITH PREJUDICE**.

Given the dismissal of those defendants, the Court further concludes that this case should be transferred to the United States District Court for the Western District of Michigan. The proper venue for civil actions in which jurisdiction is not based on diversity of citizenship is the judicial district where: (1) any defendant resides if all defendants reside in the same state; (2) a substantial part of the events or omissions giving rise to the claim occurred or a substantial part of the property in question is situated; or (3) any defendant may be found if there is no other district in which plaintiff may bring the action. *See* 28 U.S.C. § 1391(b). Public officials "reside" in the county where they serve. *See O'Neill v. Battisti*, 472 F.2d 789, 791 (6th Cir. 1972). Additionally, a federal district court may transfer a civil action to any other district where it might have been brought for the convenience of the parties and witnesses, in the interest of justice. *See* 28 U.S.C. § 1404(a).

The United States District Court for the Western District of Michigan is the proper venue and more convenient forum for this action. The remaining defendants reside in Ingham,

Manistee, Muskegon, and Montcalm Counties for purposes of this complaint and the events giving rise to the remaining claims in the complaint occurred in those counties. Those counties lie in the Southern Division of the Western District of Michigan. *See* 28 U.S.C. § 102(b)(1). Accordingly, the Court **ORDERS** the Clerk of the Court to transfer this case to the United States District Court for the Western District of Michigan. *See* 28 U.S.C. §§ 1391(b) and 1404(a).[1]

Lastly, the Court concludes that an appeal from this order would be frivolous and therefore cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).

**IT IS SO ORDERED.**


S/Arthur J. Tarnow
Arthur J. Tarnow
United States District Judge

Dated: November 6, 2008

I hereby certify that a copy of the foregoing document was served upon parties/counsel of record on November 6, 2008, by electronic and/or ordinary mail.

S/Catherine A. Pickles
Judicial Secretary

---

[1] The Court makes no determination as to the merits of Plaintiff's remaining claims.